# IN RE BROMELL G.*
## (13902)

PETERS, C. J., HEALEY, SHEA, CALLAHAN, GLASS and COVELLO, Js.

Submitted February 20—decision released April 3, 1990

*Beth A. Merkin* and *Brian S. Carlow,* assistant public defenders, in support of the motion.

*Cathleen M. Edwards,* state's advocate, in opposition to the motion.

---

\* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 2026, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Supreme Court.

Reporter of Judicial Decisions

PER CURIAM. The respondent has appealed from an order of the Superior Court for juvenile matters, entered pursuant to General Statutes § 46b-127,[1] transferring him to the regular criminal docket in the judicial district of New Haven. That appeal has not yet been heard. In the interim, the respondent has filed with this court a motion for review; see Practice Book §§ 4049[2]

[1] "[General Statutes] Sec. 46b-127. (Formerly Sec. 51-308). CHILD CHARGED WITH MURDER OR FELONY TRANSFERRED TO REGULAR CRIMINAL DOCKET, WHEN. The court shall transfer to the regular criminal docket of the superior court from the docket for juvenile matters: (1) Any child referred for the commission of a murder under sections 53a-54a to 53a-54d, inclusive, provided any such murder was committed after such child attained the age of fourteen years; (2) any child referred for the violation of any provision of title 53a which is designated as a class A felony, if such violation was committed after such child attained the age of fourteen, provided such child has previously been adjudicated a delinquent at any age for a violation of any provision of title 53a, which at the time of such violation was designated a class A felony; or (3) any child referred for the violation of any provision of title 53a which is designated as a class B felony, provided such violation was committed after such child attained the age of fourteen years, and further provided such child has previously been adjudicated delinquent for two violations of any provision of title 53a, which at the time of such violations were designated a class A or B felony. No such transfer shall be valid unless, prior thereto, the court has made written findings, after a hearing, that there is probable cause to believe that the child has committed the act for which he is charged. An order by the court under this section transferring a child from the docket for juvenile matters to the regular criminal docket of the superior court shall be a final judgment for purposes of appeal. Upon the effectuation of the transfer, such child shall stand trial and be sentenced, if convicted, as if he were sixteen years of age. If the action is dismissed or nolled or if such child is found innocent of the charge for which he was transferred, the child shall resume his status as a juvenile until he attains the age of sixteen."

[2] "[Practice Book] Sec. 4049. (Formerly Sec. 3067). [AUTOMATIC STAY OF EXECUTION] ——REVIEW OF ORDER

"The sole remedy of any party desiring the supreme court to review an order concerning a stay of execution shall be by motion for review under Sec. 4053. Execution of an order of the court terminating a stay of execution shall be stayed for five days from the issuance of notice of the order, and if a motion for review is filed within that period, the order shall be stayed pending decision of the motion, unless the supreme court rules otherwise.

and 4053;[3] of the court's denial of his motion for a stay of execution of that transfer order. We conclude that the juvenile court erred by not staying execution of the transfer order.

On November 8, 1989, the state's advocate filed a five count petition alleging that the respondent was a delinquent child, in that he had committed four "serious

"A motion for extension of time to file a motion for review of a ruling concerning a stay of execution must be filed in the trial court but shall not automatically stay the execution after the five days has expired, except that the trial judge may order a stay pending a ruling on the motion for extension of time.

"A decision concerning a stay is a judgment in a trial to the court for purposes of Sec. 4059.

"In any case in which there is no automatic stay of execution and in which the trial court refuses or fails to grant a stay expeditiously, an aggrieved party may request one justice of the supreme court to stay execution of the judgment pending the ruling of the trial court or pending the filing of and ruling upon a motion for review."

[3] "[Practice Book] Sec. 4053. (Formerly Sec. 3107). [MOTION FOR REVIEW] ——IN GENERAL

"The supreme court may, on written motion for review stating the grounds for the relief sought, modify or vacate any order made by the trial court under Sec. 4040 (a) or any action by the chief clerk of the supreme court under Sec. 4040 (c) (2) or any order relating to the perfecting of the record for presentation to the supreme court or the procedure of prosecuting or defending against the appeal, or any order made by the trial court concerning a stay of execution on appeal. All petitions for review of bail shall be filed in the appellate court. A motion to review an order concerning a stay of execution must be filed within five days from the issuance of notice of the order. Other motions for review shall be filed within ten days from the issuance of notice of the order sought to be reviewed. Motions for review of the clerk's taxation of costs under judgments of the supreme court shall be governed by Sec. 4119.

"If a motion for review of a decision concerning a stay depends on a transcript of evidence or proceedings taken by a court reporter, the moving party shall file with the motion either a transcript or a copy of the court reporter's written acknowledgment of the transcript order. The opposing party may, within one week after the transcript or the copy of the written acknowledgment of the transcript order is filed by the moving party, file either a transcript of additional evidence or a copy of the court reporter's written acknowledgment of the transcript order."

juvenile offenses"; General Statutes § 46b-120;[4] and had also violated a court order issued on July 24, 1989, "by being 'out' without a parent" in the city of New Haven.[5] The respondent was fourteen years old at the time of the incident alleged in the petition. On November 15, 1989, the state's advocate filed a motion requesting that the respondent be transferred to the regular criminal docket of the Superior Court. A hearing was held on that motion on December 14, 1989, after which the juvenile court, issued a written finding, on December 21, 1989, that probable cause existed to believe that the respondent had committed the offenses alleged in the petition. See General Statutes § 46b-127. On the basis of this finding the court ordered that the respondent be transferred to the regular criminal docket of the Superior Court.[6]

According to the state, the respondent was presented for arraignment in part B, geographical area number six, in New Haven, on January 9, 1990. Bond was set

---

[4] General Statutes § 46b-120 provides in part: " 'Serious juvenile offense' means the violation by a child, including attempt or conspiracy to violate sections 21a-277, 21a-278, 53-80a, 53-390 to 53-392, inclusive, 53a-54a to 53a-57, inclusive, 53a-59 to 53a-60c, inclusive, 53a-70 to 53a-71, inclusive, 53a-72b, 53a-86, 53a-92 to 53a-94, inclusive, 53a-95, 53a-101, 53a-111 to 53a-113, inclusive, subdivision (1) of subsection (a) of section 53a-122, subdivision (3) of subsection (a) of section 53a-123, 53a-134, 53a-135, 53a-166, 53a-167c, subsection (a) of section 53a-174, 53a-196a, 53a-211, or for having without just cause run away from any secure placement other than home while committed as a delinquent child to the commissioner of children and youth services for a serious juvenile offense."

[5] The petition alleged that the respondent had: (1) committed murder, in violation of General Statutes § 53a-54a; (2) aided "another who intentionally caused the death" of another person, in violation of General Statutes §§ 53a-8 and 53a-54a; (3) committed attempted robbery in the first degree, in violation of General Statutes §§ 53a-49 and 53a-134; (4) disobeyed a court order, in violation of General Statutes § 46b-120; and (5) committed felony murder, in violation of General Statutes § 53a-54c.

[6] The respondent has filed an appeal from this order, pursuant to General Statutes § 46b-127. On February 21, 1990, we transferred that appeal to our own docket. See Practice Book § 4023.

at $150,000 and the matter was transferred to part A of the judicial district of New Haven. The respondent was also, on January 9, transferred from the New Haven juvenile detention center to an adult pretrial detention facility, where he remains currently incarcerated. Present counsel for the respondent,[7] on January 11, 1990, filed a motion to stay execution of the transfer order. That motion was heard and denied by the Superior Court for juvenile matters, on February 13, 1990. The respondent was presented in part A of the judicial district of New Haven, on February 15, 1990, where a hearing was conducted pursuant to General Statutes § 54-46a,[8] after which the trial court, *Hadden, J.*, determined that there existed probable cause to believe that the respondent had committed the offenses with which he had been charged.[9] The current motion, seeking review of the juvenile court's denial of a stay of execution, was filed in this court on February 20, 1990. The opposition of the state's advocate was filed on March 1, 1990.

In support of his motion for a stay of execution of the order transferring him to the regular criminal docket, the respondent argued before the juvenile court that the automatic stay prescribed by Practice Book § 4046[10] was applicable in this case, and, alternatively, that the court could also order a stay of the transfer

---

[7] The respondent's present attorneys were appointed after his transfer to the regular criminal docket.

[8] General Statutes § 54-46a provides in part: "No person charged by the state, who has not been indicted by a grand jury prior to May 26, 1983, shall be put to plea or held to trial for any crime punishable by death or life imprisonment unless the court at a preliminary hearing determines there is probable cause to believe that the offense charged has been committed and that the accused person has committed it. The accused person may knowingly and voluntarily waive such preliminary hearing to determine probable cause."

[9] This court is unaware of any further proceedings having transpired during the pendency of the motion now before us.

[10] Practice Book § 4046 provides in part: "In all actions, except where otherwise provided by statute or other law, proceedings to enforce or carry

order pursuant to Practice Book § 4047.[11] The court concluded, however, that: (1) the automatic stay provision of § 4046 was inapplicable in this case since that section specifically excludes "juvenile matters" from its operation; (2) while § 4047 might have allowed it to stay execution of the transfer order, thus postponing the impending probable cause hearing on the regular criminal docket, such an order would derogate from the "jurisdiction" already exercised by both the part B and part A courts; and (3) even if it could authorize a stay of the transfer order, this case "should go ahead and follow the ordinary course," since "under the merits . . . [it was] strong enough" to do so.

In the motion for review submitted to this court, the respondent argues that: (1) this case is controlled by the automatic stay provision of § 4046; (2) while this is not technically a criminal case, "the same policy considerations that underlie the automatic stay provision of [Practice Book] § 4048[12] apply to this case"; (3) the juvenile court had not lost "jurisdiction" over this matter and, thus, could have granted a stay pursuant to § 4047; and (4) the court erred in not concluding that a stay was required in this case. The respondent asks that this court grant a stay of execution and also order

out the judgment shall be automatically stayed until the time to take an appeal has expired . . . . This section shall not apply . . . to juvenile matters brought pursuant to chapters 31 through 40."

[11] Practice Book § 4047 provides in part: "In non-criminal matters in which the automatic stay provisions of Sec. 4046 are not applicable and in which there are no statutory stay provisions, application for a stay of the judgment or order of the superior court pending appeal shall be made to the judge who tried the case unless that judge is unavailable, in which case the application may be made to any judge of the superior court."

[12] Practice Book § 4048 provides in part: "In an appeal from a presentence order where the defendant claims that an existing right, such as a right not to be tried, will be irreparably lost if the order is not reviewed immediately, or in any appeal by the state, there shall be a stay after the appeal has been taken which shall continue until final determination of the appeal by the supreme court. This stay is subject to termination by the trial judge in the manner provided in Sec. 4046."

that he be returned to the custody of a juvenile detention facility. We agree with the second and fourth arguments put forth by the respondent and conclude that further proceedings should have been stayed in this case and that the respondent should have remained incarcerated in a juvenile detention facility.

"The General Assembly . . . has expressed a preference for shielding children from criminal liability except in clearly circumscribed situations. The additional protections afforded juveniles, which include separation of juvenile matters from other business of the Superior Court; General Statutes § 46b-122; confidential proceedings; General Statutes § 46b-122; anonymity; General Statutes § 46b-124; and erasure of police and court records; General Statutes § 46b-146; demonstrate the legislature's intent that children accused of wrongdoing be accorded different treatment from adults." *State* v. *Torres,* 206 Conn. 346, 360–61, 538 A.2d 185 (1988). This intent was also manifested in the legislature's 1986 amendment to § 46b-127, providing that an order transferring a juvenile to the regular criminal docket "shall be a final judgment for purposes of appeal." See also General Statutes § 46b-126.

Thus, it appears that the legislature has implicitly recognized that the harm to a juvenile that may result from his confinement in an adult detention facility as well as the exposure to publicity likely to result from a transfer order are irreversible consequences of the order that cannot adequately be rectified at a later time even if the juvenile should prevail at trial in a regular criminal proceeding or on appeal from the judgment in such a proceeding. This court has declared that an interlocutory order should be appealable "where the order or action so concludes the rights of the parties that further proceedings cannot affect them." *State* v. *Curcio,* 191 Conn. 27, 31, 463 A.2d 566 (1983). The purpose of the legislature in protecting juveniles from

adverse consequences of an erroneous transfer order that can never be remedied later, by providing in § 46b-127 for an appeal of such an order, would be largely defeated if the order were to be implemented while the appeal was pending. Although the rights of a juvenile that may be lost are statutory and not constitutional, those rights are analogous to those of a criminal defendant seeking to avoid a trial that would violate the constitutional protection against double jeopardy afforded by the fifth and fourteenth amendments to our federal constitution.[13] In either case, "the right asserted would be lost, probably irreparably, unless interlocutory review was permitted." *State* v. *Spendolini,* 189 Conn. 92, 95, 454 A.2d 720 (1983). The ability to halt further proceedings, pending such review, should not depend on whether the right being asserted is constitutional or, as in this case, statutory.

Having reached this conclusion, however, we are confronted by the fact that the rules of this court do not, at present, provide an explicit method for staying execution of juvenile transfer orders. First, § 4046 is not available, despite the respondent's argument to the contrary, since "juvenile matters brought pursuant to chapters 31 through 40" are specifically excluded from the application of that provision's automatic stay of execution.[14] Second, § 4048 is not available, as conceded

---

[13] The fifth amendment to the United States constitution, as applied to the states through the fourteenth amendment to the United States constitution; *Benton* v. *Maryland,* 395 U.S. 784, 89 S. Ct. 2056, 23 L. Ed. 2d 707 (1969); provides in part: "No person shall be . . . subject for the same offense to be twice put in jeopardy of life or limb . . . ." We have consistently held that a denial of a criminal defendant's pretrial motion to dismiss, on the ground of double jeopardy, is an appealable final judgment. *State* v. *Van Sant,* 198 Conn. 369, 374 n.5, 503 A.2d 557 (1986); *State* v. *Seravalli,* 189 Conn. 201, 203–204, 455 A.2d 852, cert. dismissed, 461 U.S. 920, 103 S. Ct. 2076, 77 L. Ed. 2d 291 (1983); *State* v. *Grotton,* 180 Conn. 290, 293, 429 A.2d 871 (1980). In such cases the automatic stay provision of § 4048 becomes effective upon the defendant's filing an appeal from the denial of his pretrial motion.

[14] The respondent argues that the operative words in § 4046 are "brought pursuant to chapters 31 through 40" and, since those chapters do not spe-

by the respondent, since that provision's automatic stay of execution is available only in "criminal" cases, and the respondent is appealing from an order entered in a "juvenile" rather than a "criminal" matter. Given the nonavailability of either of the automatic stay of execution provisions, we turn our attention to § 4047, which is applicable "[i]n non-criminal matters in which the automatic stay provisions of Sec. 4046 are not applicable and in which there are no statutory stay provisions . . . ."

Motions for a stay of execution brought pursuant to § 4047 are ordinarily addressed to the sound discretion of the court. In cases such as this, however, that discretion must necessarily be limited by the concerns we have already identified regarding the respondent's right to have further proceedings halted pending resolution of his statutory right to interlocutory appellate review of the order transferring him to the regular criminal docket. Thus, rather than deciding whether the strength of the state's case warrants having the respondent tried as an adult, which was the principal basis for the determination made by the juvenile court in this case, the proper inquiry should be whether the state has presented legitimate reasons why that trial, as well as any accompanying pretrial proceedings, should not be stayed until a final determination has been made concerning the propriety of the transfer order itself. In light of our conclusion that certain statutory rights of juveniles will be irrevocably lost if a stay

cifically mention transfer orders, he comes within the automatic stay provision. We note that while technically correct, the respondent overlooks the fact that those chapters do, however, encompass a broad range of subjects related to juvenile matters, including both delinquency and neglect hearings, as well as detention orders entered by the court. See Practice Book § 1030. We conclude, therefore, that the respondent's argument exalts form over substance, this court having provided in § 4046 that the broad range of subjects labeled as "juvenile matters" are precluded from the application of an automatic stay of execution.

of execution is not granted, it appears that the state will rarely, if ever, be able to present such legitimate reasons.[15] We conclude that it has not done so in this case, and that further proceedings, therefore, should have been stayed pending the outcome of the respondent's appeal.

The motion for review submitted by the respondent is granted and the relief requested is also granted. We order that pending the outcome of his appeal: (1) the respondent's case be returned to the juvenile docket; (2) the respondent be returned to the custody of a juvenile detention facility; see General Statutes § 46b-133 (d);[16] and (3) the records of all proceedings having already taken place on the regular criminal docket be placed in the custody of the juvenile court. See General Statutes § 46b-124.[17]

---

[15] We also recognize that we are, by holding that the automatic stay provisions of §§ 4046 and 4048 are inapplicable in cases such as this, placing upon defense counsel the obligation to move for a stay of execution should their juvenile client desire to file an appeal from an order transferring his case to the regular criminal docket. We are confident that, unlike the original attorney for the respondent in the present case, counsel will take adequate action prior to the actual transfer, so that their clients will not suffer the relinquishment of any statutory rights prior to appellate review of the transfer order.

[16] General Statutes § 46b-133 (d) provides in part: No child shall be released from detention who is alleged to have committed a serious juvenile offense except by order of a judge of the superior court. In no case shall a child be confined in a community correctional center or lockup, or in any place where adults are or may be confined, except in the case of a nursing infant; nor shall any child at any time be held in solitary confinement."

[17] In the event that this court upholds the validity of the juvenile court's transfer order, these records are to be returned to the part A court, where proceedings against the respondent may be resumed on the regular criminal docket.