## In re Lloyd W.*
### (10519)

Dupont, C. J., Landau and Heiman, Js.

Argued June 12—decision released August 11, 1992

*Barbara Sorrentino,* assistant public defender, for the appellant (defendant).

*Carolyn K. Longstreth,* assistant state's attorney, with whom were *John H. Kearney,* state's advocate, and, on the brief, *Francis J. Carino,* chief state's advocate, for the appellee (state).

DUPONT, C. J. The defendant appeals from the order of the trial court that transferred his trial for murder

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 2026, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

from the juvenile docket to the regular criminal docket pursuant to General Statutes § 46b-127.[1] He claims that (1) the evidence presented at the transfer hearing failed to show probable cause that he intended to kill the victim and (2) that the trial court abused its discretion in relying on evidence allegedly not presented at the transfer hearing to support its decision. We affirm the judgment of the trial court.

The state filed a delinquency petition in the Superior Court against the defendant, who was then fifteen years of age, claiming that he had committed the serious juvenile offense of murder in violation of General Statutes § 53a-54a in causing the death of the victim. Thereafter, the state moved to transfer the defendant to the regular criminal docket pursuant to General Statutes § 46b-127 because he had been charged with murder. After a hearing, the court granted the motion and this appeal followed.

The trial court made written findings as required by § 46b-127. On March 10, 1991, five young men, includ-

---

[1] General Statutes § 46b-127 (Formerly Sec. 51-308) provides in pertinent part: "MANDATORY TRANSFER OF CHILD CHARGED WITH CERTAIN FELONIES TO REGULAR CRIMINAL DOCKET. The court shall transfer to the regular criminal docket of the superior court from the docket for juvenile matters: (1) Any child referred for the commission of a murder under sections 53a-54a to 53a-54d, inclusive, provided any such murder was committed after such child attained the age of fourteen years . . . . No such transfer shall be valid unless, prior thereto, the court has made written findings, after a hearing, that there is probable cause to believe that the child has committed the act for which he is charged. At such hearing, the child shall have the right to counsel and to confront the witnesses against him. The procedures provided in section 54-46a shall apply at such hearing, except that the child shall have the right to move to suppress any admission made by him on the ground that it was obtained in violation of the provisions of subsection (a) of section 46b-137 and to obtain discovery of exculpatory information. An order by the court under this section transferring a child from the docket for juvenile matters to the regular criminal docket of the superior court shall be a final judgment for purposes of appeal. Upon the effectuation of the transfer, such child shall stand trial and be sentenced, if convicted, as if he were sixteen years of age . . . ."

ing the defendant, were driving in the Brooklyn section of Waterbury in a stolen car. In the glove compartment of the car was a .25 caliber pistol that had been taken from a car stolen a day or two previously.

The driver, Javier Gonzalves, saw the victim, Jason Regner, in a car and drove around the block to park near him. Gonzalves told the victim that the victim owed "John" some money. The defendant took the pistol from the car, walked up to Regner and said "Yo, Jay." The victim rolled down the driver's window about four inches. The defendant stuck the gun into the car and shot Regner in the left rear shoulder blade. The bullet penetrated his lungs and quickly killed him. The trial court found that no heated words were exchanged.

On the basis of these findings, the court inferred that the defendant intended to kill Regner when he placed the gun into the car and fired at the victim's torso from close range. Accordingly, the court found probable cause to believe that the defendant intended to cause and did cause the victim's death.

General Statutes § 46b-127 requires, as a precondition to transfer from the docket for juvenile matters to the regular criminal docket, that the court find "that there is probable cause to believe that the child has committed the act for which he is charged."

"The quantum of evidence necessary to establish probable cause at a preliminary hearing is less than the quantum necessary to establish proof beyond a reasonable doubt at trial. . . . In making its finding, the court had to determine whether the government's evidence would warrant a person of reasonable caution to believe that the accused [had] committed the crime. . . . The quantum of evidence necessary to establish probable cause exceeds mere suspicion, but is substantially less than that required for conviction. Our cases have made clear that [t]here is often a fine

line between mere suspicion and probable cause, and [t]hat line necessarily must be drawn by an act of judgment formed in light of the particular situation and with account taken of all the circumstances." (Citations omitted; internal quotation marks omitted.) *In re Keijam T.*, 221 Conn. 109, 115–16, 602 A.2d 967 (1992).

Our function on appeal is to determine whether the decision of the trial court that probable cause existed was clearly erroneous. Practice Book § 4061. "[W]here the factual basis of the court's decision is challenged we must determine whether the facts set out in the . . . decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous. *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 221–22, 435 A.2d 24 (1980)." (Internal quotation marks omitted.) *In re Ralph M.*, 211 Conn. 289, 316, 559 A.2d 179 (1989). We view the evidence and the permissible inferences drawn therefrom in the light most favorable to sustaining the trial court's determination of probable cause. *In re Keijam T.*, supra, 116.

The defendant concedes that the shooting was reckless or involved extreme indifference to human life, but that the facts were insufficient to find probable cause for an intent to kill as required by General Statutes § 53a-54a. He argued that the car was moving when the shot was fired and that firing into a moving car indicated recklessness rather than evidenced an intent to kill. Reviewing this evidence in the light most favorable to sustaining the finding of probable cause, we conclude that the court was entitled to infer that the defendant intentionally placed a gun into the passenger compartment of the victim's car and fired a shot that entered the victim's lung. A factfinder may infer an intent to kill " 'from circumstantial evidence such as the type of weapon used, the manner in which it was used, the type of wound inflicted and the events lead-

ing to and immediately following the death.' " *In re Edwin N.*, 215 Conn. 277, 284, 575 A.2d 1016 (1990). The evidence was sufficient to support a finding of probable cause that the defendant intended to kill the victim.

The defendant next claims that the trial court relied on its allegedly erroneous recollection of a witness' testimony in stating from the bench that it was the court's "feeling that at this time probable cause has been established by the state, based primarily on the testimony of Moises Garcia and Evon Gardner." The court also stated that it would make its finding more specific in writing at a later time. The finding about which the defendant complains relates to the movement of the victim in his car. Our review of the trial court's written findings of fact show that the court's ultimate finding that the victim "jolted forward" as he was being shot is supported by the record. Any alleged mistake in a statement from the bench was corrected by the written findings, which were made after the transcript of the hearing was available to the court.

The judgment is affirmed.

In this opinion the other judges concurred.