IN RE ERNEST B.*
(11322)

DALY, FOTI and HEIMAN, Js.

Submitted on briefs October 30—decision released December 1, 1992

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 4166B.2, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

*Dante R. Gallucci,* special public defender, filed a brief for the appellant (respondent).

*Thomas McCullough O'Brien,* state's advocate, filed a brief for the appellee (petitioner).

PER CURIAM. The respondent, Ernest B., appeals from an order of the Superior Court for Juvenile Matters at Bridgeport, entered pursuant to General Statutes § 46b-127, transferring him to the regular criminal docket of the Superior Court to be tried, and if convicted, sentenced as an adult.[1] The respondent alleges that the court improperly ordered him transferred in that the evidence was insufficient to find probable cause to believe that he had committed the crime of murder in violation of General Statutes § 53a-54a (a).[2]

On March 9, 1992, the court held a hearing on the motion of the state's advocate to transfer the respondent. The court found that the respondent, born on July 9, 1976, was fifteen years of age on October 3, 1991, the date on which Joseph (Jose) Nieves, Jr., was fatally shot. The court also found, from the evidence presented, that there was probable cause to believe that Nieves was the victim of murder, and that the respondent, Ernest B., intentionally caused Nieves' death by

---

[1] The execution of the transfer order has been stayed pending this appeal. *In re Bromell G.,* 214 Conn. 454, 572 A.2d 352 (1990).

[2] The respondent also claims that the evidence was insufficient to find probable cause to believe that he had committed felony murder in violation of General Statutes § 53a-54c. Because we affirm the trial court's decision that there was probable cause as to violation of General Statutes § 53a-54a (a), we need not reach this claim.

firing four or more bullets from a 0.25 caliber gun, one of which entered Nieves' chest, passed through vital organs and caused death within hours.

On appeal, our function is to determine whether the trial court's decision that probable cause existed was clearly erroneous. *In re David M.,* 29 Conn. App. 499, 503, 615 A.2d 1082 (1992); *In re Lloyd W.,* 28 Conn. App. 608, 611, 611 A.2d 461 (1992). "The quantum of evidence required to establish probable cause is less than that required to establish proof beyond a reasonable doubt at trial. It is more than mere suspicion but substantially less than that required for conviction. *In re Keijam T.,* 221 Conn. 109, 115–16, 602 A.2d 967 (1992). Moreover, in viewing this evidence and the permissible inferences drawn from it to determine whether the decision was clearly erroneous, we do so in the light most favorable to sustaining the trial court's determination of probable cause." *In re David M.,* supra.

Our examination of the whole record, including the transcript of the testimony before the trial court, persuades us that the trial court's order of transfer was proper. Our review of the record discloses that the evidence was sufficient to support the court's factual findings, and that these findings legally, logically and reasonably support the court's determination that probable cause existed. We cannot say that this decision was clearly erroneous.

The order of transfer is affirmed.