IN RE ERNEST B.*
(11423)

DALY, FOTI and HEIMAN, Js.

Submitted on briefs November 30—decision released December 22, 1992

*Dante R. Gallucci,* special public defender, filed a brief for the appellant (respondent).

*Thomas McCullough O'Brien,* state's advocate, filed a brief for the appellee (petitioner).

PER CURIAM. The respondent, Ernest B., appeals from an order of the Superior Court in the judicial district of Fairfield, Juvenile Matters, entered pursuant to General Statutes § 46b-127, transferring him to the regular criminal docket of the Superior Court to be

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 4166B.2, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

tried and, if convicted, sentenced as an adult. The respondent alleges that the court improperly ordered him transferred because the evidence was insufficient to find probable cause to believe that he had committed the crime of felony murder in violation of General Statutes § 53a-54c.[1]

On April 28, 1992, the court held a hearing on the motion of the state's advocate to transfer the respondent, found probable cause existed and granted the motion. The court also granted the respondent's motion for a stay of execution of the transfer order pending this appeal. The court found that the respondent, born on July 9, 1976, was fifteen years of age on November 13, 1991, the date on which Anthony Giannini, age eighty-four, was fatally injured by a shotgun wound to the abdomen. The evidence presented at the hearing, including eyewitness testimony, was sufficient to establish that the respondent, while in the course of an armed robbery, fired two shots at the victim from a sawed-off shotgun, causing the victim's death with the second shot.

We have recently discussed our function on appeal, as well as the quantum of evidence required to establish probable cause. We have also discussed the standard applicable to our review of the evidence to determine whether the trial court's decision was clearly erroneous. See *In re Ernest B.*, 29 Conn. App. 573, 575, 617 A.2d 903 (1992).

Our review of the record in this case leads us to conclude that the evidence was sufficient to support the trial court's findings and that the findings, in turn,

---

[1] General Statutes § 53a-54c provides in pertinent part: "A person is guilty of murder when . . . he commits or attempts to commit robbery . . . and, in the course of and in furtherance of such crime . . . he . . . causes the death of a person other than one of the participants . . . ."

legally, logically and reasonably support the determination that probable cause existed. We cannot say that this determination was clearly erroneous.

The order of transfer is affirmed.