[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On November 9, 1998, the plaintiff, Friends of Hillhouse Avenue, filed a complaint seeking a temporary injunction to prevent the defendant, Yale University, from demolishing a building at 85 Trumbull Street known as Maple Cottage. On December 15, 1998, by stipulation, the parties agreed to have a full trial on the merits wherein the plaintiff sought permanent CT Page 6431 injunctive and declaratory relief. According to the stipulation, the defendant agreed, inter alia, "that from the date of this stipulation until notice of the trial court's ruling after the trial, it will not proceed with the demolition of the Property and will continue to secure and maintain the Property in the same manner as it was being secured and maintained as of November 9, 1998." The plaintiff agreed, inter alia, to produce a written plan concerning feasible and prudent alternatives for Maple Cottage. This court conducted a full trial on the merits and denied the plaintiff's request for relief. (Memorandum of Decision #108.) Dated April 28, 1999 (Meadow, JTR)
On May 3, 1999, the plaintiff filed a motion for stay pending appeal, seeking an emergency stay of execution of this court's denial of its permanent injunctive and declaratory relief. The plaintiff seeks the stay to prevent the demolition of Maple Cottage and requests that the court order the defendant to continue to honor its stipulation not to demolish Maple Cottage until the expiration of the 20 day appeal period provided in accordance with Practice Book § 63-1. The plaintiff asserts that an automatic stay is warranted under Practice Book §61-11 and in the alternative the stipulation should be continued under General Statutes § 52-476 or a stay ordered under Practice Book § 61-12. The defendant filed an opposing memorandum of law.
 DISCUSSION
As to the first ground to support its motion, the plaintiff argues that Practice Book § 61-11 applies to this court's denial of its request for a permanent injunction and cites to the several Supreme Court cases to support its contention. In opposition, the defendant asserts that Practice Book § 61-11
does not apply, because § 61-11 deals with the stay of proceedings to enforce or carry out a judgment of the court. The defendant contends that this case is analogous to a case in which the court grants a temporary injunction, denies a permanent injunction upon review on the merits, and thus dissolves the temporary injunction; therefore, no further proceedings would be necessary to carry out the judgment.
Practice Book § 61-11 provides in pertinent part: "In all actions, except where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment shall be automatically stayed until the time to take an appeal has CT Page 6432 expired . . ." In support of its motion the plaintiff cited to the following Supreme Court decisions Bauer v. Waste Management ofConnecticut, Inc., 239 Conn. 515, 686 A.2d 481 (1996), TomassoBros., Inc. v. October Twenty-Four, Inc., 230 Conn. 641,646 A.2d 133 (1994), City of Stamford v. Kovac, 228 Conn. 95, 634 A.2d 897
(1993) and Preisner v. Aetna Casualty Surety Co.,203 Conn. 407, 525 A.2d 83 (1987).
In Bauer v. Waste Management of Connecticut, Inc., supra, the defendant appealed a trial court's decision which enjoined it from committing further violations of a zoning regulation. The Supreme Court, however, did not decide whether the injunction was stayed during the defendant's appeal, but actually found that the defendant's continued violation of the zoning regulation was grave and willful during the period where the plaintiff had appealed a prior trial court decision regarding the constitutionality of the regulation. In City of Stamford v.Kovac, supra, the court addressed the defendant's ability to appeal a temporary injunction. In Preisner v. Aetna Casualty Surety Co., supra, the court reviewed the finality of a judgment involving damages, not equitable relief. The court finds the cases cited by the plaintiff inapplicable in the present case. The cases cited are distinguishable from this case and do not support the granting of an automatic stay under Practice Book § 61-11. In the present case, this court has denied the plaintiff's request for injunctive relief; as the defendant asserts, no additional proceedings are necessary.
Also, even if the court were to consider applying § 61-11, the Supreme Court's reasoning and holding in TomassoBros., Inc. v. October Twenty-Four, Inc. compels this court to deny the plaintiff's motion based upon § 61-11. In TomassoBros., Inc. v. October Twenty-Four, Inc., the court provides an excellent discussion regarding the application of Practice Book § 61-11 [formerly Practice § 4046], holding that "in the case of both prohibitory and mandatory injunctions[1], the enjoined party ought to be required to request the trial court to rule on a stay pending appeal, and that absent such a request, the injunction ought to be considered in effect. . . ." TomassoBros., Inc. v. October Twenty-Four, Inc., supra, 230 Conn. 657. In the present case, the plaintiff sought a prohibitory injunction to prevent the demolition of Maple Cottage; therefore, the automatic stay provisions of § 61-11 do not apply. CT Page 6433
Alternatively, the plaintiff asserts that the stipulation should continue pursuant to General Statutes § 52-476. General Statutes § 52-476 provides in pertinent part: "When atemporary injunction has been granted and upon final hearing judgment has been rendered adverse to its continuance, either party may apply to the court rendering the judgment, representing that he intends to appeal the case to the court having jurisdiction and praying that the temporary injunction may be continued until the final decision therein . . ." (Emphasis added.) The plaintiff never received a court ruling concerning its original plea for a temporary injunction and agreed to in lieu of the temporary injunction, a full trial on merits. The defendant agreed not to proceed with the demolition of Maple Cottage per the parties' stipulation and was not restrained by a court order. The plaintiff has not cited any case law nor has research found any authority to allow the court to treat the stipulation as an temporary injunction. General Statutes §52-476 explicitly applies to a temporary injunction; therefore, the plaintiff may not seek a continuation pursuant to §52-476, because the court never rendered a decision regarding the temporary injunction.
Additionally, the plaintiff has had an opportunity for a full trial on the merits, and this court concluded that the demolition of Maple Cottage would not be unreasonable and no feasible and prudent alternative to demolition existed.
The plaintiff also seeks a temporary stay of demolition in order to consider filing an appeal pursuant to Practice Book §§ 61-12 and 63-1. Practice Book § 61-12 provides, in pertinent part:
"In noncriminal matters in which the automatic stay provisions of Section 61-11 are not applicable and in which there are no statutory stay provisions, any motion for a stay of the judgment or order of the superior court pending appeal shall be made to the judge who tried the case. . . . A temporary stay may be ordered sua sponte or on written or oral motion, ex parte or otherwise, pending the filing or consideration of a motion for stay pending appeal. The motion shall be considered on an expedited basis and the granting of a stay of an order for the payment of money may be conditional on the posting of suitable security."
"Motions for a stay of execution brought pursuant to § CT Page 6434 4047 [now § 61-12] are ordinarily addressed to the sound discretion of the court." In re Bromell G., 214 Conn. 454, 462,572 A.2d 352 (1990). As stated above, the plaintiff had a full trial on the merits of its permanent injunction. This court reviewed the evidence presented and denied the plaintiff's injunction. The plaintiff agreed to the defendant's restraining from demolition until this court rendered its decision. The plaintiff could have proposed or made additional contingencies per the stipulation that could have allowed the further delay of demolition until the appeal process was complete. By agreeing to the stipulated terms, it appears that the plaintiff was willing to forego the statutory remedies available, such as § 52-476. Previously, this court held that the plaintiff failed to meet its burden for permanent injunctive relief. The court now finds that the plaintiff seeks this stay only to consider filing an appeal while the plaintiff could have promptly filed an appeal to the Appellate Court. The court denies the motion for stay pursuant to § 61-12.
Neither Practice Book § 61-11 nor General Statutes §52-476 support the plaintiff's motion for stay, and it is within this court's discretion to deny the motion pursuant to § 61-12. Accordingly for all the foregoing reasons, the motion is denied.
Frank S. Meadow, JTR