[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On June 22, 1999, this court suspended the respondent, Nitor V. Egbarin, from the practice of law for a period of five years with certain conditions for reinstatement. On July 13, 1999, the respondent appealed said decision and that appeal is presently pending. On November 23, 1999, the petitioner filed a motion for contempt with this court alleging that while the suspension order of this court had not been stayed, the respondent was still practicing law in violation of this court's order. A hearing was held on December 15, 1999, and the parties submitted briefs on various dates up to January 28, 2000.
There is really no factual issue concerning whether the respondent was practicing law; he concedes this in his brief. Nevertheless, the respondent maintains that there can be no contempt of this court's suspension order because first, the respondent believes that the filing of the appeal created an automatic stay and second, the respondent was simply acting upon advice of counsel.
 A.
The first issue is whether an automatic stay took effect by virtue of the filing of the appeal. Practice Book sec; 61-11(a) CT Page 2810 provides in relevant part: "Except where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment shall be automatically stayed until the time to take an appeal has expired." Section sec; 61-11(b) further provides in relevant part, however, that certain types of actions and orders are specifically excluded from the application of the section's automatic stay: "Under this section, there shall be no automatic stay in actions concerning attorneys pursuant to chapter 2 of these rules, in juvenile matters brought pursuant to chapters 26 through 35, or in any administrative appeal except as otherwise provided in this subsection. In addition, no automatic stay shall apply to orders of periodic alimony, support, custody or visitation in domestic relations matters brought pursuant to chapter 25."
The exclusionary language in the context of "actions concerning attorneys pursuant to chapter 2"; Practice Book sec; 61-11(b); has apparently not been construed by any court. There are, however, several cases addressing the exclusion from application of § 61-11's automatic stay in the context of support orders and juvenile matters. See, e.g., In re Bromell G., 214 Conn. 454,572 A.2d 352 (1990) (juvenile matter not automatically stayed);Mulholland v. Mulholland, 31 Conn. App. 214, 624 A.2d 379 (1993), aff'd, 229 Conn. 643, 643 A.2d 246 (1994) (child support order not automatically stayed). In neither of these cases did the court find any ambiguity in the provisions of sec; 61-11. Notwithstanding the respondent's contention that the law is unclear, this court does not believe there is any ambiguity in this provision.
Particularly noteworthy is our Supreme Court's broad interpretation in In re Bromell G., of what constitutes a "juvenile matter" as used in sec; 4046, which at the time provided that the automatic stay provision was not applicable "to juvenile matters brought pursuant to chapters 31 through 40." In reBromell G., supra, 214 Conn. 458-59 n. 10. The respondent in that case argued that execution of a juvenile transfer order was automatically stayed pursuant to sec; 4046 since the transfer order was not brought "pursuant to chapters 31 through 40." Id., 461-62 n. 14. The court responded: "We note that while technically correct, the respondent overlooks the fact that those chapters do, however, encompass a broad range of subjects related to juvenile matters. . . . We conclude, therefore, that the respondent's argument exalts form over substance, this court having provided in sec; 4046 that the broad range of subjects CT Page 2811 labeled as "juvenile matters' are precluded from the application of an automatic stay of execution." Id.
Surely that same broad interpretation given to "juvenile matters" would also apply to "actions concerning attorneys." Moreover, unlike the "technical distinction" that occurred inBromell, the present action is clearly an action brought pursuant to chapter 2 of the Practice Book.
Finally, our Supreme Court in Statewide Grievance Committee v.Rozbicki, noted that "[d]isciplinary proceedings are for the purpose of preserving the courts from the official ministration of persons unfit to practise in them. . . . The proceeding to disbar [or suspend] an attorney is neither a civil action nor a criminal proceeding, but is a proceeding sui generis, the object of which is not the punishment of the offender, but the protection of the court. . . . Once the complaint is made, the court controls the situation and procedure, in its discretion, as the interests of justice may seem to it to require. . . . [T]he power of the courts is left unfettered to act as situations, as they may arise, may seem to require, for efficient discipline of misconduct. . . ." (Citations omitted; internal quotations ] omitted.) Statewide Grievance Committee v. Rozbicki,211 Conn. 232, 238-39, 558 A.2d 986 (1989).
In light of this compelling interest, the automatic stay argument simply makes no sense. Rather, the respondent's argument falls within the ambit of Practice Book sec; 61-12 which allows for discretionary stays in those matters not covered by the automatic stay provisions. Therefore, the respondent's first argument must fail.
 B.
The respondent argues secondarily that since his continued practice of law was based solely on advice of counsel, his actions were not wilful and could not constitute contempt. First, as noted, even though this court heard no evidence on his continued practice of law, he admitted doing so in his brief. Our court has previously held that reliance on an attorney's advice does not constitute a defense in a claim of wilful misconduct. See Bauer v. Waste Management of Connecticut, Inc.,239 Conn. 515, 530-31, 686 A.2d 481 (1996); see also Downey v. RetirementBoard, 22 Conn. App. 172, 180-81, 576 A.2d 582 (1990) ("good faith in relying on the advice of its counsel cannot save its CT Page 2812 action when such action was affected by an error of law in that it ignored the directive"). As noted by the court in Mulhollandv. Mulholland, supra, 229 Conn. 649, quoting Cologne v. WestfarmsAssociates, 197 Conn. 141, 147, 496 A.2d 476 (1985), "an order entered by a court with proper jurisdiction "must be obeyed by the parties until it is reversed by orderly and proper proceedings."' The respondent did not comply with this court's order and it has not been reversed.
"The axiom is elementary that ignorance of the law excuses no one; and refuge from the consequences of one's conscious acts cannot be found behind a wall of legal advice, be it sound or unsound. . . . Our courts have held that . . . a defendant, in an action in equity, may seek to mitigate damages or ameliorate the decree by showing that he acted in good faith, innocently, by inadvertence, or upon competent legal advice. But, even in civil cases, the rule is that while such reliance on counsel may exonerate the defendant from any intention to do a legal wrong, it does not relieve him from responsibility for the wrong which he committed." State v. Trumbull, 24 Conn. Sup. 129, 142-43,187 A.2d 445, cert. denied, 150 Conn. 711, 204 A.2d 935 (1962).
Finally, it must be stressed that this is an attorney
disciplinary action; this is not a case involving a layperson. While this court recognizes that not every attorney may know the practice rules for our court, Mr. Egbarin had been a member of the bar since 1987 and had indeed appeared in front of this court on a number of occasions. He knows, or surely should know, our practice rules. See Greenwich v. Kristoff, 2 Conn. App. 515,481 A.2d 77, cert. denied, 194 Conn. 807, 483 A.2d 275 (1984).
It is this court's finding that this second argument must also fail. As noted previously, no evidence was taken on the contempt issue and, thus, a further hearing is required on whether this court should take any appropriate action as a consequence of the respondent's continued practice.
Berger, J.