[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON DEFENDANT'S MOTION TO STAY ALL PROCEEDINGS
The defendant, Credit Acceptance Corporation, has moved to stay all proceedings in this case until after the resolution of its pending appeal from this court's order certifying that this case may proceed as a class action with regard to claims arising under the Connecticut Retail Install Sales Financing Act ("RISFA") and the Connecticut Unfair Trade Practices Act "CUTPA".
The defendant particularly seeks a stay of notice to the class, of discovery concerning class members, and of the plaintiff's motion for partial summary judgment, which was filed on June 1, 2001. In that motion, plaintiff's Maxine Boyd and Shelly Toliver seek, on their own behalf and on behalf of the class certified by this court, judgment on the merit of the claim stated in Count One of their third amended complaint. In that count, the plaintiffs allege that the defendant failed to comply with the Connecticut Retail Installment Sales Financing Act when it repossessed their vehicles.
On June 1, 2001, the defendant filed an appeal from this court's ruling partially granting the plaintiffs' motion for class certification.
AUTHORITY FOR A STAY
The defendant does not assert that the automatic appellate stay provision applicable to appeals from final judgments, P.B. § 61-11
(a), applies to its interlocutory appeal of the ruling on the plaintiffs' motion for class certification. Instead, it urges this court to exercise its discretion to grant a stay pursuant to P.B. § 61-12, which authorizes a trial judge to stay her own order during the pendency of an appeal. In In re Bromell G., 214 Conn. 454, 462 (1990), the Supreme Court ruled that the decision to grant or deny a stay should not be based on the likelihood of the success of the appeal, but on a balancing of the CT Page 10443-bs interests to be served by continuing or staying the progress of the case. In re Bromell, supra, 214 Conn. 454, 460-462. In re Bromell
involved an order for a juvenile to be incarcerated in an adult pretrial detention facility. The Supreme Court noted that the circumstances that favored the granting of a stay included the indication in several statutes that the General Assembly intended that children accused of wrongdoing be accorded different treatment from adults. The Court also noted that a statute, Conn. Gen. Stat. 46b-127, provided that an order transferring a juvenile to the regular criminal docket "shall be a final judgment for purposes of appeal." In re Bromell, supra, 214 Conn. 460. The Supreme Court reasoned that a result contrary to the protective goal of statutes governing juveniles would occur if a stay was not granted. Under these circumstances of irrevocable loss of statutorily protected rights, the Court ruled that the trial court should have granted a stay. No such statutory entitlements are asserted by the defendant; rather, the interest the defendant asserts as a reason for the stay is that it will avoid costs of complying with some discovery requests if it prevails in its appeal.
While Conn. Gen. Stat. § 42-110h provides that an order granting or denying a motion for certification of a class in claims of violation of the Connecticut Unfair Trade Practices Act is immediately appealable, that statute does not specify that a stay be entered. No statute at all authorizes immediate appeal of an order concerning class certification as to RISFA claims.
MERITS OF THE MOTION FOR STAY
The interests that the defendant asserts as reasons to stay all proceedings in the case during the appeal do not include any statutorily protected interests of the sort at stake in In re Brommell, [Bromell], supra. Instead, the defendant asserts that discovery and dispositive motions should be stayed to save it expenses that it will not have to encounter if its appeal is successful and to avoid the possibility that the court will enter rulings that will make class members more likely to participate in the case if the class certification is upheld. The defendant also asserts that rulings on dispositive motions should be delayed so that, if the class certification is upheld, possible rulings in its favor on such motions will be res judicata as to class members, not just as to the named plaintiffs. The defendant does not address the fact that it is its own decision to file an interlocutory appeal that will preclude any class-wide effect of rulings in the case.
Though the defendant has represented to this court that the plaintiffs agree that notice should not be sent to members of Subclass A during the pendency of the defendant's interlocutory appeal, this representation does CT Page 10443-bt not appear to be an accurate statement of the plaintiffs' position. On July 12, 2001, the plaintiffs filed a Motion to Notify Class Members of Pendency of Class Action. That motion is not yet before the court for decision, as no request for adjudication has been filed, and the defendant is entitled to an opportunity to comment on the text and method of distribution of the proposed notice. The plaintiffs oppose an order staying adjudication of the motion for summary judgment as to their own individual claims, recognizing that such adjudication would decide only their own claims and not those of class members. They note that the defendant had an option not to file an interlocutory appeal, and that its choice to do so results in a hardship that is of its own making which should not be permitted to delay the plaintiffs' case for the year or more that an appeal is likely to take for briefing, oral argument, decision, and potentially, a motion for further review by the Supreme Court. The interest that the plaintiffs assert is an interest in prompt adjudication of pending motions and expeditious progress of their claims. They seek to avoid delays in receiving the hoped-for remedies for the alleged violation of two consumer protection statutes.
The court finds that the plaintiffs' interest in timely adjudication, in a situation in which the rules of court do not provide for an automatic stay, outweighs the interest in delay articulated by the defendant.
The court finds that while a postponement of the trial is necessary to allow time for notice to the class and for opting out by any class members who choose not to be included, no other proceedings should be stayed.
TRIAL
On February 25, 2000, the parties selected September 5, 2001 as the date for commencement of the trial of this action. It would be a waste of judicial resources to try the issues as to the named plaintiffs and potentially repeat the trial as to other class members. For that reason, the trial will be postponed.
DISPOSITIVE MOTIONS
The federal courts' class action practice pursuant to Rule 23 Fed.R.Civ.P. often serves as the model for adjudication of class actions brought pursuant to P.B. §§ 9-7 and 9-8, see Marr v. WMX Technologies, 244 Conn. 676, 681 (1998). Though some federal courts have seen fit to allow parties to attempt to narrow the issues through dispositive motions prior to the filing of motions for class certification, see Wright v. Schock,742 F.2d 541 (9th Cir. 1984); HaasCT Page 10443-buv. Pittsburgh National Bank, 381 F. Sup. 801, 805-806 (W.D. Pa. 1975);Oscar Gruss Sons v. Geon Indus., 75 F.R.D. 531 (S.D.N.Y. 1977); Woffordv. Safeway Stores, Inc., 78 F.R.D. 460 (N.D.Cal. 1978), the defendant asserts that the federal courts disfavor allowing plaintiffs to engage in motion practice prior to moving to certify a class. Contrary to the assertion of the defendants at page 2 of their pleading titled "Opposition to Plaintiffs' Request for Adjudication," which was filed on July 5, 2001, the Supreme Court did not, in Eisen v. Carlyle Jacquelin, 417 U.S. 156, 177-78 (1974), "determine that a court should not conduct a test case for liability before ruling on the same issues on a class-wide basis", and the court is dismayed by the extent of the inaccuracy of this characterization. The Supreme Court in Eisen stated that the likelihood that the plaintiff class would prevail on the merits of its claims should not be a factor in determining which party was to bear the cost of providing notice to the class. Id. What the Court actually noted had nothing to do with adjudicating dispositive motions; rather, the Court stated only that a trial court could not, in the context of deciding the issue of payment of costs of notice to the class, make a preliminary judgment on the merits of the plaintiffs' claims when the issues had not been determined by traditional trial procedures. Id. The plaintiffs before this court propose employing the traditional procedure of a duly filed motion for partial summary judgment on the merits of one of their claims.
The plaintiffs are not, moreover, pursuing their motion before seeking class certification. They sought — and won — class certification before they filed their motion for partial summary judgment, and the court finds unconvincing the defendant's suggestion that because it appealed the ruling on the motion for class certification, the motion itself should be deemed not to have been filed. The cases cited by the defendant do not support the conclusion that a defendant may, by filing an interlocutory appeal, avoid risking the consequences that may result when the named plaintiffs pursue their claims.
Plaintiffs Boyd and Tolliver are entitled, if they so choose, to pursue their motion for partial summary judgment. If they do so before notice has been given and before class members have had an opportunity to opt out, their motion will be adjudicated only as to their individual claims.
This court does not express any opinion whether a class representative whose own claims have already been adjudicated has any ability to seek adjudication on the same issues at a later time on behalf of others.
DISCOVERY
CT Page 10443-bv
The defendants asserts that all discovery should be stayed to avoid the expense to it of compliance. Regardless of the outcome of the defendant's interlocutory appeal, this information relates to the named plaintiffs' claim that the conduct alleged to violate CUTPA constituted a trade or practice, and that the requirement that the named plaintiffs pay the accelerated amount was not an isolated incident. Evidence on this issue is thus likely to be relevant to the claims of the individual plaintiffs, which will proceed regardless of the outcome of present interlocutory appeal.
CONCLUSION
For the foregoing reasons, the motion for a stay is denied. A new trial date will be set after the court conducts a case management conference at a suitable juncture. A separate order concerning the briefing and argument schedule for the plaintiff's motion for partial summary judgment has been issued today.
 Beverly J. Hodgson Judge of the Superior Court
CT Page 10444